IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Robin Serauskis, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   1:21-cv-1609 |
| | ) | |
| Receivables Management Partners, LLC, a Delaware limited liability company, | ) ) ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

### COMPLAINT

Plaintiff, Robin Serauskis, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Robin Serauskis ("Serauskis"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for medical services.

4. Defendant, Receivables Management Partners, LLC ("RMP") is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts, including defaulted consumer debts in the Northern District of Illinois. In fact, RMP was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant RMP is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Illinois by writing to Illinois consumers in their attempts to collect debts.

**FACTUAL ALLEGATIONS**

6. On January 19, 2021, Ms. Serauskis filed a Chapter 7 bankruptcy petition in a matter styled In re: Serauskis, N.D. Ill. Bankr. No. 21-00702. Among the debts included in her bankruptcy were debts she allegedly owed for medical services to Amita Health; Defendant RMP was also listed on Ms. Serauskis' bankruptcy as to another debt, see, Schedule E/F to the bankruptcy petition, a portion of which is attached as Exhibit B.

7. Accordingly, on January 22, 2021, Amita Health and Defendant RMP, were sent notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline, which is attached as Exhibit C.

8. On January 25, 2021, Ms. Serauskis made a correction on her bankruptcy petition for a typo, and Amita Health and Defendant RMP were again sent notice of Ms.

2

Serauskis' bankruptcy, see, Notice of Filing, which is attached as Group Exhibit D.

9. Plaintiff's bankruptcy is a matter of public record, is in the files of the Creditor, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

10. Nonetheless, Defendant RMP sent Ms. Serauskis collection letters, dated March 3, 2021, demanding payment of Amita Health debts which were subject to her bankruptcy. Copies of these collection letters are attached as Group Exhibit E.

11. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

12. To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically §1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2), while § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and demanding payment of a debt that was subject to a bankruptcy is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA.

13. Ms. Serauskis had been informed by counsel and believed that she had

the right to refuse to pay this debt, to demand that collection communications cease, and a right to privacy. Defendant's continued collection communications, after she had filed for bankruptcy, made Plaintiff believe that her exercise of her rights through filing bankruptcy may have been futile and that she did not have the right to a fresh start that Congress had granted her under the Bankruptcy Code, as well as her rights under the FDCPA. Defendant's collection actions resulted in a direct invasion of Ms. Serauskis' legally-protected right to be left alone and her right to privacy – rights granted to consumers under § 1692c of the FDCPA.

14. Ms. Serauskis had been informed by counsel that she had a right to be represented by counsel as to her debts. Defendant's collection communications made her believe that she did not have the right to be represented by counsel as to her debt that Congress had granted her under the FDCPA. Defendant's collection actions resulted in a direct invasion of Ms. Serauskis' legally-protected right to be represented by counsel – a right granted to consumers under § 1692c of the FDCPA.

15. Defendant's actions caused Plaintiff to question whether her counsel had done its job, whether she had to pay this debt, whether she had the right to be left alone, and whether she had the right to be represented by counsel – all of which upset, distressed, outraged, and alarmed Ms. Serauskis.

16. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

17. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692e Of The FDCPA --
## Demanding Payment Of A Debt That Is Subject To A Bankruptcy

18. Plaintiff adopts and realleges ¶¶ 1-17.

19. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

20. Demanding payment of debts that were subject to a bankruptcy is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

21. Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

22. Plaintiff adopts and realleges ¶¶ 1-17.

23. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

24. Here, the bankruptcy and the notices issued by that court (Exhibit C and Group Exhibit D), provided notice to cease communications and cease collections. By communicating regarding these debts, demanding payment and invading Ms. Serauskis' right to privacy, Defendant violated § 1692c(c) of the FDCPA.

5

25. Defendant's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692c(a)(2) Of The FDCPA – Communicating With A Consumer Represented By Counsel

26. Plaintiff adopts and realleges ¶¶ 1-17.

27. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, <u>see</u>, 15 U.S.C. § 1692c(a)(2).

28. Defendant RMP was given notice, through Plaintiff's bankruptcy, that Plaintiff was represented by an attorney in connection with her debts (Exhibit <u>C</u> and Group Exhibit <u>D</u>). Accordingly, Defendant was aware that Plaintiff was represented by an attorney in connection with the Amita Health debts before it mailed out the March 3, 2021 collection letters (Group Exhibit <u>E</u>).

29. By sending the collection letters directly to Ms. Serauskis, despite notice that she was represented by bankruptcy counsel in connection with her debts, Defendant violated § 1692c(a)(2) of the FDCPA.

30. Defendant RMP's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Robin Serauskis, prays that this Court:

6

    1.      Find that Defendant's debt collection actions violated the FDCPA;

    2.      Enter judgment in favor of Plaintiff Serauskis, and against Defendant, for actual and statutory damages;

    3.      Award Plaintiff her costs and reasonable attorneys' fees; and,

    4.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Robin Serauskis, demands trial by jury.

Robin Serauskis,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: March 24, 2021

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

7